STATE OF MISSOURI, Respondent, v. HENRY LUCKSINGER, Appellant.

### St. Louis Court of Appeals, March 7, 1899.

1. **Production of Papers:** ANSWER ON OATH: VACATION OF ORDER. In the case at bar, the answer of the defendant to the petition to produce the papers in his possession did not show any contempt of the court; it stated in substance on oath that he had parted with the possession of the note and papers described in the order of the court before it was made, and that they were not his property. Held, that the court could not compel him to plead so as to furnish evidence for the opposite party and that he was entitled to a vacation of the order.

2. **Judgment:** IMPRISONMENT: APPEAL. . The judgment in the case at bar, sentencing the defendant to five days' imprisonment was in its nature necessarily final and within our statutes allowing appeals.

*Appeal from the Montgomery Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

REVERSED.

LEWIS & SON and H. W. JOHNSON for respondent.

The disobedience of any rule or order, by a party to a suit or proceeding before the court, is a contempt and is punishable as such. R. S. 1889, secs. 3261, 3262, 3263 and 3264; 4 Chitty's Blackstone, side p. 285; Rapalje on Contempt, secs. 33, 38 and 45. A party can not refuse to answer interrogatories or perform the judgments of the court, but he must either obey or procure the same to be set aside. Otherwise the administration of justice would be obstructed. See authorities above cited. If a party willfully and obstinately refuse to answer or answers in an evasive manner, he is then clearly guilty of a high and repeated contempt. 4 Chitty's Blackstone, side p. 287; Glover v. Ins. Co., 130

Mo. 173. No appeal is provided by law for contempt committed in the presence of the court or for disobedience to its lawful authority. Nor did an appeal exist at common law in such cases. Glover v. Ins. Co., 130 Mo. 184; 2 Chitty's General Practice (1836), page 214. When the contempt is direct or when indirect, serves to interrupt or retard the course of judicial proceedings, an appeal on a collateral issue will not lie as it tends to weaken and embarrass the trial court in the conduct of causes in the speedy administration of justice. State v. Schneider, 47 Mo. App. 669.

EMIL ROSENBERGER for appellant.

If the defendant Lucksinger is guilty of contempt at all, he is guilty under the third subdivision of section 3261, Revised Statutes of Missouri 1889. Lucksinger was ordered to produce a certain note, deed of trust, etc., and impound the same with the clerk of the Montgomery county circuit court. There is no law in this state by which a court can order a defendant in an attachment proceeding to impound money or notes which are in the defendant's pocket, except in a case when a garnishee discloses in his answer that he owes the defendant a negotiable promissory note not due. R. S. 1889, sec. 5243. This note was never in "*custodia legis.*" Buecker was never garnished (see sheriff's original return). No interrogatories were filed within the first three days of the term and no leave obtained within the three days to file interrogatories out of time and Buecker was out of court. A garnishee must see before he answers that the court has jurisdiction over the subject-matter as well as over his person or he may have to pay the debt twice. The amended return of the sheriff made on the eleventh day of the term, nor the second batch of interrogatories filed on the twelfth day of the term, brought Buecker the garnishee back into court; and no order of the court could bring the note, even if in Lucksinger's possession and owned by Lucksinger,

back into the *"custodia legis."*   It is the process of the court alone and not the order which brings the note in the jaws of the law.

BOND, J.—On the third day of September, 1897, T. C. Collum sued Charles Fahner and Henry Lucksinger on two promissory notes for $500 each, and on the same day sued out an attachment on the ground that the defendants had fraudulently conveyed or assigned their property or effects so as to hinder or delay their creditors.   A writ of attachment was issued the same day.   The defendants were served and garnishments were served upon the McKittrick Milling Company, and also, as appears by the amended return of the sheriff, upon Henry Buecker.   Plaintiff filed interrogatories, and thereupon filed a petition, verified by affidavit, alleging that Henry Lucksinger was in the possession of a note for $2,000 and other papers evidencing a fraudulent sale by him of his farm through an intermediate grantee to Henry Buecker, and prayed the court to impound said note and other papers with the clerk subject to the inspection of petitioner and his attorneys, on the ground that they were material evidence in the case pending.   The court sustained the prayer of the petition, and made an order on December 1, 1897, commanding Henry Lucksinger to produce and deliver and impound with the clerk of the court, within twenty days from the first of December, the note and papers referred to in plaintiff's petition.   Thereupon the defendant within the time specified in said order made the following answer:

1.   "That said order should not have been made or granted for the reason that the order on its face shows that the court had no jurisdiction over the subject-matter mentioned in said order he further says that admitting for argument's sake that this defendant had all said instruments of writing in his possession and control and that he was the true owner of the same at the time said order was made, the court

had no power or authority to impound the instruments of writing mentioned in said order, they being the private papers of this defendant, or in other words the attaching process of the court can not be enforced by impounding evidences of indebtedness with the clerk and can only be enforced as pointed out by statute.

2.    "And for another plea for not producing, delivering and impounding with the clerk of said court the note, deed of trust, power of attorney, other papers, documents and instruments of writing mentioned in said order, he says that he did not have said note, deed of trust, power of attorney mentioned in said order, in his possession or under his control at the time the said order was made, nor has he since or now the same in his possession or control; he admits that he had such papers at one time in his possession, but he parted with the possession long before said order was made as they were not his property.    As to the other papers, documents and instruments of writing mentioned in said order he says that said demand is too indefinite and don't inform him of the precise papers, documents and instruments of writing he is required to produce.

"Having now fully complied with the order of the court in the premises he asks to be discharged."

After hearing the evidence, the court ordered defendant Lucksinger to amend his above answer so as to state where said notes and papers were, and when he parted with them, with which order of the court the defendant Lucksinger refused to comply; whereupon the court held him in contempt and rendered a judgment that he be imprisoned in the county jail for five days, from which he appealed to this court.

The court clearly had jurisdiction to make the order requiring the defendant to produce the papers in controversy.    Section 2177 of the Revised Statutes of Missouri, is to wit: "Every court or judge thereof shall have power to compel any party to a suit pending therein to produce any books,

papers and documents in his possession or power, relating to the merits of any such suit, or of any defense therein." The subsequent sections provide the procedure necessary to enforce this right, and authorize the court upon the failure a party to comply with its order to produce papers, "to punish him for a contempt." R. S. 1889, secs. 2178, 2179 and 2180. In the case at bar the application for the production of the papers was in substantial compliance with the foregoing statutes, but we do not think the foregoing answer of the defendant to the petition to produce the papers in his possession showed any contempt of the court, since it stated in substance that he had parted with the possession of the note and papers described in the order of the court before it was made, and that they were not his property, which answer was also sworn to as required by the statute. R. S. 1889, sec. 2179; Glover v. Ins. Co., 130 Mo. 173; Railroad v. Wear, 135 Mo. loc. cit. 265. If the defendant had been on the witness stand, it would have been perfectly competent for the court to compel him to answer any legal or proper interrogatory, but the court had no power to compel him to plead so as to furnish evidence for the opposite party. All the statute required him to do for a vacation of the order to produce the paper, was to deny "on oath" "the possession or control thereof."

CONTEMPT of court.

The only remaining question to be determined is whether or not the judgment against defendant was such an one as entitled him to appeal. At common law there was no review by appeal or writ of error of a judgment of a superior court of record in a contempt proceeding. Rapalje on Contempts, sec. 141; State v. Galloway, 5 Coldwell (Tenn.) 326. The power to punish contempts was deemed essential to the existence and authority of the court, and hence granted as a necessary incident in its establishment, and was equally available whether the contempt was direct or constructive or as other-

wise designated criminal or civil. In either case the judgment of a court of competent jurisdiction was final and conclusive. Rapalje on Contempts, sec. 21 and 22. In this and many of the states the rule of the common law on this subject is not enforced in its full rigor. With us appeals or writs of error, though not permitted in cases of direct contempts, may be taken from a final judgment in a matter of constructive contempt, to comply with an order for the inspection of papers. Glover v. Ins. Co., 130 Mo. loc. cit. 184. The judgment in the case at bar sentencing the defendant to five days' imprisonment was in its nature necessarily final, and therefore within the purview of our statutes allowing appeals. R. S. 1889, sec. 2246; Amended Acts 1895, page 91. For the foregoing reasons it will be reversed. All concur.